IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02053-REB-MEH

PHILLIP CUTTING, JR., as next fried and parent of minor Phillip Cutting, III,

    Plaintiff,
v.

UNITED STATES OF AMERICA,
PAMELA SIMONS, M.D.,
MERCEDES DELORY, CNM, RS,
TRIWEST HEALTHCARE ALLIANCE, INC., and
SPECTRUM HEALTHCARE RESOURCES,

    Defendants.
_____

**ORDER ON MOTION TO COMPEL**
_____

Before the Court is Defendant United States' Motion to Compel Authorizations for Release of Information [Docket #53], in which Defendants Delory and Spectrum Healthcare Resources have joined [Docket #62]. The matter is briefed and has been referred to this Court for resolution [Docket #54]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Compel.

**I.    Facts**

Plaintiff brings this action as next friend and parent of Phillip Cutting, III, pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff alleges that Defendants provided negligent medical care during the delivery of Phillip Cutting, III, which resulted in a brain injury. Defendant United States sought authorizations for release of medical information from Plaintiff and his parents, which Plaintiff has refused to provide. Plaintiff argues that such releases are inappropriate, because they will require the release of medical information subject to the physician-patient privilege prior to Plaintiff's

counsel's ability to review the documents for privilege. Plaintiff relies on Colorado law for this privilege, while Defendant contends that only federal common law privilege applies, and that no such privilege exists under federal law.

## II. Discussion

In federal courts, federal common law governs the existence of privilege, unless state law supplies the rule of decision as to an element of the claim or defense. Fed. R. Evid. 501. In cases brought under the FTCA, Plaintiff contends that state law governs the issue of privilege because state substantive law applies to the issue of liability in FTCA cases. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 111 (10th Cir. 2004). While the Tenth Circuit Court of Appeals has not yet considered this question, district courts in the Tenth Circuit have consistently held that federal common law applies to the issue of privilege in FTCA cases. *E.g., Bethel v. United States*, No. 05-1335, 2008 U.S. Dist. LEXIS 1680 *18 (D. Colo. Jan. 2, 2008) ("In cases like this one, brought under the Federal Tort Claims Act, federal common law governs the application of privilege") (citing *Beller v. United States*, 221 F.R.D. 679, 681 (D.N.M. 2003) (citing cases)).

This is consistent with the advisory committee notes for Fed. R. Evid. 501, which point out that "[i]n nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law." Fed. R. Evid. 501 advisory committee's notes (citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 471 (1942) (Jackson, J., concurring)); *see also Tucker v. United States*, 143 F. Supp. 2d 619, 623 (S.D.W. Va. 2001). When the parties to a civil suit appear in federal court solely on the basis of diversity jurisdiction, no federal policy supercedes the state policies at issue, and the court, in essence, sits as a local but neutral

2

tribunal applying federal law only as to procedure. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938); *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). When, as here, exclusive jurisdiction is retained in federal courts, no such state policy trumps the federal interest at stake. *Osborn v. Haley*, ___ U.S. ___, 127 S. Ct. 881, 889-890 (2007) (holding that, for purposes of removal and remand, the Attorney General's certification of an act as occurring with the scope of employment in a suit brought under the FTCA is conclusive and that "exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court").

While it is true that the FTCA resorts to state law for the elements of liability, two additional principles guide this Court's conclusion. First, any waiver of sovereign immunity must be construed narrowly, which requires the Court to apply state law to the United States only when expressly required. *United States v. Dalm*, 494 U.S. 596, 608 (1990) ("[W]aivers of sovereign immunity by Congress 'cannot be implied but must be unequivocally expressed'") (citing *United States v. King*, 395 U.S. 1, 4 (1969)). *Cf. Lurch v. United States*, 719 F.2d 333, 337 (10th Cir. 1983) (noting that whether an individual is an employee or an independent contractor for purposes of the FTCA is determined by federal law); *but see Dolan v. United States Postal Serv.*, 546 U.S. 481, 492 (2006) (holding that exceptions to waiver under FTCA should be narrowly construed). Second, in cases in which both federal and state law claims are at issue, courts apply federal privilege law to the pendant state law claims, thereby further limiting federal court's reliance on state privilege law. Fed. R. Evid. 501 advisory committee's note (stating that, in cases involving both state and federal claims, "federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State

law claims when they arise in a Federal question case.]"). With these principles in mind, the Court concludes that federal common law privilege jurisprudence governs in FTCA cases, because federal policy interests, attendant with exclusive jurisdiction over the United States, are at issue, not the state law interests contemplated in Fed. R. Evid. 501.

In this FTCA case, federal privilege law controls, and no physician-patient privilege exists under federal law. *Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1977) ("The physician-patient . . . privilege is unknown to the common law."); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004) (holding that HIPAA regulations do not create a federal physician-patient privilege). In the absence of a privilege, Plaintiff's and Plaintiff's parents' medical records are governed by issues of relevance and confidentiality commonly addressed in civil lawsuits. While medical records not related to the allegations in the Complaint are not relevant to this dispute, Defendant has requested "authorizations for release of information from Plaintiff and Plaintiff's mother and father related to the medical care, treatment, and alleged injuries relevant to the claims asserted in the Complaint." Motion to Compel at ¶3. Although neither party has addressed whether the releases can be tailored to relevant material, Rule 26 permits discovery that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In addition, medical records fall within the scope of confidential documents under Fed. R. Civ. P. 26(c), which can be addressed through the entry of an appropriate protective order. Thus, the only discussion remaining is whether compelling the authorizations requested by Defendant is the appropriate method of obtaining this discovery.

Plaintiff contends that counsel should first review the medical records to protect Plaintiffs' confidentiality. Plaintiff further contends that these releases constitute improper *ex parte*

communications with witnesses. Defendant avers that a stipulated protective order can ensure the confidentiality of the documents, and that counsel for Defendant will provide Plaintiffs' counsel a copy of all documents received, thereby eliminating the *ex parte* nature of the contact. Courts are divided on the issue of compelling an authorization for the release of medical records. Some courts do so without hesitation, *Brown v. Eli Lilly and Co.*, 131 F.R.D. 176, 178 (D. Neb. 1988), while others believe that such practice is beyond the scope of allowable discovery under the Federal Rules of Civil Procedure. *Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992). Even courts that compel authorizations from the plaintiff typically require the defendant to first seek the documents directly from the third-party who has custody of the documents. *EEOC v. Thorman & wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007)("It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders"). In any event, authorization for the release of medical records should not routinely be compelled, even though it is the most efficient manner for this discovery. Such informal discovery is not required by the Federal Rules of Civil Procedure, although it is certainly encouraged.

Nevertheless, the case before the Court does not present the typical scenario, in that Plaintiff has identified over 90 health care providers. In this situation, the cost and delay in obtaining a subpoena duces tecum for each health care provider does not comport with this Court's role in administering the "just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. Exercising its broad authority to order discovery permitted under Rule 26(b)(1), the Court will Order

the Plaintiff and Plaintiff's parents to sign the releases requested by Defendant United States. Defendant shall provide Plaintiff's counsel with a copy of all documents received from health care providers as a result of the releases.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant United States' Motion to Compel Authorizations for Release of Information [Filed March 12, 2008; Docket #53] is **granted**.  Plaintiff shall provide the releases stated herein on or before April 21, 2008.  The parties shall submit a motion for protective order, stipulated if possible, on or before April 25, 2008.

Dated at Denver, Colorado, this 14th day of April, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge