IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02053-REB-MEH

PHILLIP CUTTING, JR.,
    as next friend and parent of minor PHILLIP CUTTING, III,

    Plaintiff,

v.

PAMELA SIMONS, M.D.,
MERCEDES DELORY, CNM,
TRIWEST HEALTHCARE ALLIANCE, CORP.,
SPECTRUM HEALTHCARE RESOURCES, and
UNITED STATES OF AMERICA,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter having come before the Court, pursuant to Fed. R. Civ. P. 26(c), on the Plaintiff and Defendants' Joint Motion For A Stipulated Protective Order (Docket No. 81) to protect the production, discovery, and dissemination of confidential information and/or sensitive data, documents, or records, and the parties having stipulated to the terms and conditions contained herein,

IT IS HEREBY ORDERED:

    1. This is a medical malpractice action in which at least one of the Parties has sought and/or may seek to discover Confidential Information, including

1

Protected Health Information as defined in this Protective Order.

2. The purpose of this Protective Order is to preclude the disclosure of Confidential Information and/or Protected Health Information to any person or entity not subject to this litigation as defined in this Protective Order.

3. The Parties also anticipate that the production of Confidential Information and/or Protected Health Information may lead to questioning concerning Confidential Information and/or Protected Health Information during depositions, trial, or at other proceedings in this litigation.

4. The Parties assert that the disclosure of Confidential Information and/or Protected Health Information could result in: (1) significant injury to one or more of the Parties' business, governmental or privacy interests; (2) a violation of the privacy interests of patient(s) identified in Confidential Information and/or Protected Health Information; and/or (3) a violation of the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d *et seq.*

5. This Stipulation and Protective Order do not constitute a global waiver by any Party as to the discoverability of any Confidential Information and/or Protected Health Information.

6. This Stipulation and Protective Order are entered in order to provide a mechanism by which Confidential Information and/or Protected Health

Information that is disclosed is prevented from being used by any Party for any purpose other than in connection with the litigation of this civil action.

7. This Stipulation and Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admissions, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

8. "Confidential Information," includes, but is not limited to, "Protected Health Information," any documents, records, files or portions of files, materials, electronically stored information, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom, and not otherwise made available to the public, and designated by one of the Parties in the manner provided in paragraphs 16, 17, and/or 18 herein as containing Confidential Information and/or Protected Health Information.

9. "Confidential Information" includes, but is not limited to, information that is confidential and implicates common law, federal statutes, and Colorado statutes relating to privacy interest and privileged matters of Plaintiff and Defendants in this matter, including current and former employees of the United States, Evans Army Community Hospital, Triwest Healthcare Alliance, Inc., and Spectrum Healthcare

3

Resources. *See, e.g.*; COLO. REV. STAT. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.,* 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel / employment file records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980); COLO. REV. STAT. §§ 12-36.5-101 *et seq.;* §§ 25-3-109 *et seq.* (Peer Review and Quality assurance rules); Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d *et seq.*; 10 U.S.C. § 1102.

10. "Confidential Information," includes, but is not limited to, information that is confidential and implicates the proprietary business interests of the Defendants in this matter, including the United States, Evans Army Community Hospital, Triwest Healthcare Alliance Corp., and Spectrum Healthcare Resources. "Confidential Information" may include, but is not limited to, the following written contracts, *locum tenens* agreements and/or service agreements or like documents made between the Parties:

> A. Tricare Central Resource Sharing Agreement Between TriWest Healthcare Alliance Corp. and Evans Army Community Hospital/Ft.Carson, dated February 1, 2004, including any and all attachments;
>
> B. Services Agreement Between TriWest Healthcare Alliance Corp. and Spectrum Healthcare Resources, Inc., dated March 24, 2003, including any and all exhibits/attachments; and,

4

  C. *Locum Tenens* Agreement between Spectrum Healthcare Resources, Inc. and Comphealth, Inc., dated November 1, 2005, including any and all attachments.

11. "Confidential Information" may include, but is not limited to:

  A. Medical records and/or "Protected Health Information;"

  B. The Parties' and/or their representatives' personnel files;

  C. Peer review and quality assurance documents;

  D. Internal affairs investigation files;

  E. Any and all written contracts, *locum tenens* agreements and/or service agreements or like documents made between the Parties;

  F. Other documents related to Plaintiff's claims or the Parties' investigations in this action;

  G. Personal financial, and tax information and/or identification materials of the parties; and

  H. Educational and training files of the parties.

12. Defendant United States asserts that, pursuant to 10 U.S.C. § 1102, medical quality assurance records, if any, created by or for Evans Army Community Hospital are confidential and privileged and may not be disclosed in this litigation.

13. At present the Parties are reserving their rights to have matters involving the discoverability of credentialing files of the health care providers addressed by the Court at a future date, after the issues have been fully briefed

by the Parties.  Thereafter, if the Court determines that some or all of the credentialing files are discoverable, the discoverable credentialing files will be subject to the within Protective Order.

14. "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

15. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

16. Documents containing "Confidential Information," including "Protected Health Information," are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Designation or identification, or assertion of a document as Confidential or Privileged Information does not necessarily indicate that it is or is not discoverable.

17. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

18. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated Confidential Information will be reserved for and addressed at trial.

19. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to the media or any other person, or entity unless authorized to do so by court order. Confidential Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. Confidential Information shall not be communicated by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone,

except for purposes of this case, and unless such person is directly associated with prosecuting or defending this case or is a witness, deponent, expert or other individual involved in the prosecution or defense of this case who has executed the Written Acknowledgment depicted in Attachment A. These restrictions shall be strictly construed.

20. Confidential Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    A. Attorneys actively working on this case and their support staff;

    B. The Parties and designated representatives for the entity Defendants, and their respective employees, agents and representatives;

    C. Expert witnesses, disclosed treating physicians or healthcare providers, and consultants retained, or consultants and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    D. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    E. Deponents;

    F. Other persons by written agreement of the Parties; and

    G. A witness or consulting witness in this case, provided that each such individual executes the Written Acknowledgment as depicted in Attachment A.

21. The Parties, their attorneys and support staff, and stenographic reporters shall not be required to complete a Written Acknowledgment as set forth in paragraph 19.

22. The Party's counsel who discloses Confidential Information shall send to the recipient of the information a copy of the Protective Order and obtain a Written Acknowledgment from the recipient that he/she has reviewed and will abide by the terms of the Protective Order.  The subject Party's counsel shall maintain a list of all persons to whom any Confidential Information is disclosed and retain the Written Acknowledgments.

23. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 19 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.  To the extent such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom the documents were sent will not need to be disclosed, unless the Court orders such disclosure, and then, the name will be disclosed to the Court only, *in camera*.

24. No copies of Confidential Information shall be made, except by or on behalf of counsel in this litigation for work product purposes, including, but not limited to, for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

25. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

26. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the

Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R. 7.2.

27. Defendants who are licensed healthcare professionals may be required by law to make filings with appropriate licensure Boards or regulatory agencies. The Parties anticipate that if Confidential Information is filed with any licensure Board or regulatory agency, a copy of the Protective Order will be filed with such Confidential Information to the extent permitted by law.

28. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order and the terms and requirements of this Protective Order shall survive the termination of this action.

29. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

30. Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential Records and either destroying such copies or returning such copies to the providing party. Counsel may retain a single set of Confidential Records for a

period of no more than three years from the conclusion of the litigation at which time the Confidential Records shall either be returned or destroyed.

      31.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

      32.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

      DATED this 25th day April, 2008.

                                    BY THE COURT:

                                      s/ Michael E. Hegarty
                                      Michael E. Hegarty
                                      United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| Leventhal, Brown & Puga, PC | Kennedy Childs & Fogg, P.C. |

s/David Lipman
David Lipman, Esq.
James Puga, Esq.
950 South Cherry Street, #600
Denver, CO 80246
dlipman@leventhal-law.com
jpuga@leventhal-law.com
*Counsel for Plaintiffs*

s/Catherine O'Brien Crum
Catherine O'Brien Crum, Esq.
Matthew M. Linton
1050 Seventeenth Street, Suite 2500
Denver, CO 80265-2080
cobrien@kcfpc.com
mlinton@kcfpc.com
*Attorneys for Defendants Mercedes Delory, CNM, RN; Spectrum Healthcare Resources*; and *Triwest Healthcare Alliance, Corp.*

Troy A. Eid
United States Attorney

s/Stephen D. Taylor
Stephen D. Taylor, Esq.
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
stephen.taylor@usdoj.gov
*Counsel for USA*

Cooper & Clough, P.C.

s/Phillip Chupik
Paul Cooper, Esq.
Phillip Chupik, Esq.
1512 Larimer Street, Suite 600
Denver, CO 80202-1621
pcooper@cooper-clough.com
pchupik@cooper-clough.com
*Counsel for Pamela Simons, M.D.*

## Attachment A

## WRITTEN ACKNOWLEDGMENT

Dear Counsel:

1. I have read the Stipulated Protective Order in *Phillip Cutting, Jr., as next Friend and Parent of Minor Phillip Cutting, III, v. United States of America, Pamela Simons, M.D., Mercedes Delory, CNM, RS, Triwest Healthcare Alliance, Inc., and Spectrum Healthcare Resources*, Case No. 07-cv-02053-REB-MEH.

2. I have been informed by _____, Esq., counsel for _____, that the materials you sent me are Confidential Information as defined in the Stipulated Protective Order.

3. I have not and will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me, except as authorized in the Stipulated Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

_____ (Signature)

_____ (Print or Type Name)

_____ (Address)

_____ (City, State ZIP)

_____ (Telephone No.)

_____ (Date)