IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No.07-cv-02053-REB-MEH

PHILLIP CUTTING, JR., as next friend and parent of
PHILLIP CUTTING, III, a minor,

    Plaintiffs,

v.

UNITED STATES OF AMERICA by and through EVANS ARMY COMMUNITY
HOSPITALS, et al.,

    Defendants.

## ORDER DENYING UNITED STATES' MOTION TO DISMISS

**Blackburn, J.**

The matters before me are (1) **Defendant United States' Motion To Dismiss** [#49], filed February 29, 2008; and (2) **Plaintiff's Motion To Supplement Plaintiff's Response to the United States' Motion To Dismiss** [#89], filed May 21, 2008. I grant the motion to supplement and deny the motion to dismiss.

### I. JURISDICTION

I putatively have jurisdiction of this matter pursuant to 28 U.S.C. §§ 1346(b)(1) (Federal Tort Claims Act) and 1367 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

Defendant seeks to dismiss the claims brought against it under the Federal Tort Claims Act ("FTCA") as barred by limitations. *See* 28 U.S.C. § 2401(b). "Because the FTCA is a waiver of sovereign immunity, timeliness is a prerequisite for subject matter jurisdiction." *Hoery v. United States*, 324 F.3d 1220, 1221 (10th Cir. 2003). A motion

to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial attack challenges the sufficiency of the complaint's allegations of subject matter jurisdiction.  **Id**.  In reviewing such a motion, the court must accept the allegations of the complaint as true.  **Id**.

By contrast, when a defendant, as here, goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint.  **Sizova v. National Institute of Standards & Technology**, 282 F.3d 1320, 1324 (10th Cir. 2002); **Holt**, 46 F.3d at 1003.  "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  **Holt**, 46 F.3d at 1003.  The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case," that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case."  **Sizova**, 282 F.3d at 1324 (quoting **Wheeler v. Hurdman**, 825 F.2d 257, 259 (10th Cir.), **cert. denied**, 108 S.Ct. 503 (1987); internal quotation marks omitted); **see also Holt**, 46 F.3d at 1003.  Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  **Pringle v. United States**, 208 F.3d 1220, 1223 (10th Cir. 2000).

Because defendant presents a factual attack on subject matter jurisdiction, I must determine whether the jurisdictional question is intertwined with the merits such that the

2

motion must be converted into one for summary judgment.  Although plaintiff argues that claims under the FTCA present just such a circumstance, the cases on which he relies are inapposite.  **See id.**; **Redmon By and Through Redmon v. United States**, 934 F.2d 1151, 1155 (10th Cir. 1991).  These precedents address "whether the FTCA excepts the government's actions from its waiver of sovereign immunity" under certain statutory and judge-made exceptions." **Redmond**, 934 F.2d at 1155.  Here, the focus of the jurisdictional inquiry is not the government's actions and whether they are excepted from the FTCA, but rather plaintiff's actions in regard to the filing of an administrative claim.  Resolution of this question is independent of the substantive negligence issues implicated by plaintiff's medical malpractice claims under the FTCA.

I conclude that the motion should not be converted into a motion for summary judgment.  Nevertheless, I may consider and weigh the evidence presented and make a determination of the factual issues pertinent to jurisdiction.  **See Osborn v. United States**, 918 F.2d 724, 729 (8th Cir. 1990).  The party seeking to invoke the court's jurisdiction bears the burden of establishing that subject matter jurisdiction exists. **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

### III.  ANALYSIS

Plaintiff, who was diagnosed with cerebral palsy shortly after his first birthday, alleges that defendants' negligence in connection with his delivery and birth caused his injury.  Defendant maintains that plaintiff's claims against it under the FTCA are barred by limitations.  Under the FTCA, "[a] tort claim against the United States shall be forever

barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ." 28 U.S.C. § 2401(b). Because the FTCA is a limited waiver of the federal government's sovereign immunity, this statute of limitations is strictly construed. ***United States v. Kubrick***, 444 U.S. 111, 117-18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979); ***Bradley v. United States by Veterans Administration***, 951 F.2d 268, 270 (10th Cir. 1991).

The question squarely presented here is when plaintiff's cause of action accrued. Medical malpractice claims under the FTCA accrue when the plaintiff knows or through the exercise of reasonable diligence should have known of both the existence and the cause of his injury. ***Kubrick***, 100 S.Ct. at 359-61; ***Bradley***, 951 F.2d at 270. The standard applied is an objective one, asking what a reasonable person in plaintiff's position would have known. ***See Arvayo v. United States***, 766 F.2d 1416, 1422-23 (10th Cir. 1985); ***see also Kubrick***, 100 S.Ct. at 357 (facts that a particular plaintiff may be unschooled in medicine or that the case may be technically complex from a medical standpoint are not relevant considerations in determining accrual under the FTCA). Moreover, "[a]ccrual need not await 'awareness by the plaintiff that his injury was negligently inflicted.'" ***Bradley***, 951 F.2d at 270 (quoting ***Kubrick***, 100 S.Ct. at 360). The claim accrues when "plaintiff [is] in possession of the critical facts that he has been hurt and who has inflicted the injury." ***Kubrick***, 100 S.Ct. at 359.

Defendant maintains that plaintiff's cause of action accrued as of one of three dates: (1) June 19, 2004, the date of plaintiff's birth; (2) July 8, 2004, the day plaintiff was discharged from the neonatal intensive care unit ("NICU"); or (3) July 28, 2004, the

4

date plaintiff was first examined by his primary care physician, Dr. Genrich. Because plaintiff's administrative claim was not filed until September 28, 2006, defendant concludes that plaintiff's claims are time-barred. Plaintiff counters that the statute of limitations accrued, at the earliest, when his father obtained preliminary medical records from the hospital in October, 2004, which records suggested that defendants had caused an injury to him.

I cannot find that plaintiff's claims against defendant began to accrue on the date of his birth. The difficult circumstances of plaintiff's birth and the facts that he was transferred to the NICU and placed on a ventilator after birth are not, unfortunately, highly unusual and, more to the point, would not put a reasonable person on notice of the fact of an injury, let alone its cause.

Nor do the other facts on which defendant relies definitively establish either of the other accrual dates for which it argues. Clearly, plaintiff had a duty to inquire as to the cause of his injuries once he became aware of them. *Arvayo*, 766 F.2d at 1421 ("[T]he potential plaintiff . . . has the duty to inquire as to both 'causation' and 'negligence[.]'") Nevertheless, the evidence presented here is at best conflicting as to whether plaintiff knew or should have known that he had sustained any injury at all within the limitations period. Plaintiff's parents knew that he *might* have been deprived of oxygen at some point, but plaintiff's father avers that he was told and that it was not clear when or how such a circumstance had occurred. Nothing in the record suggests that the admittedly serious diagnoses plaintiff received on discharge from the NICU are consistent with a lack of oxygen during birth or with plaintiff's ultimate injury, much less that a reasonable person in plaintiff's circumstances would have known that they were or were not. In

addition, plaintiff's supplemental evidence suggests that a doctor who examined plaintiff in September, 2004, found no evidence of any apparent injury at that time.

Moreover, plaintiff's evidence suggests that his parents *did* make efforts to inquire as to the nature and extent of his injuries. Plaintiff's father represents that the medical staff in the NICU told him that it would be unknown what, if any, injury plaintiff might have sustained and whether that injury was due to any action or inaction of any medical personnel associated with the birth. **See Motley v. United States**, 295 F.3d 820, 823 (8th Cir. 2002) (distinguishing case before the court from those in which plaintiffs were told by medical personnel that injury was due to natural causes or that cause of injury was unknown). In addition, plaintiff's father requested medical records from the hospital at some unspecified time during the summer of 2004. His first request, which he was advised would take approximately one month to fulfill, apparently was lost. His second request was fulfilled, at least partially, within the statute of limitations. Arguably, these requests tolled accrual of the statute. **See Garza v. United States Bureau of Prisons**, 284 F.3d 930, 935-36 (8th Cir. 2002) ("[W]here a plaintiff has timely requested records that contain the specific facts of negligence that caused his injury, and those facts are not otherwise knowable, the cause of action does not accrue until he receives the records.").

Further development of the record may reveal that plaintiff is chargeable with knowledge of his injury and the attendant duty to diligently investigate its cause as of a date outside the statute of limitations. On the present record, however, I find that plaintiff has presented sufficient evidence to withstand defendant's motion to dismiss on

6

this basis.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant United States' Motion To Dismiss** [#49], filed February 29, 2008, is **DENIED**;[1] and

2. That **Plaintiff's Motion To Supplement Plaintiff's Response to the United States' Motion To Dismiss** [#89], filed May 21, 2008, is **GRANTED**.

Dated July 10, 2008, at Denver, Colorado.

**BY THE COURT**:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[1] I remind the parties that, pursuant to my **Minute Order** at 2, ¶ 3 [#59] filed March 18, 2008, defendant **Triwest Healthcare Alliance Corp.'s Motion To Dismiss for Lack of Subject Matter Jurisdiction; or, in the Alternative, Unopposed Motion To Stay the Time for Triwest To File Its Answer** [#43] filed February 22, 2008, must be withdrawn and/or a formal answer filed within ten days of the instant order resolving the United States' motion to dismiss.