IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02053-REB-MEH

PHILLIP CUTTING, JR., as next friend and parent of minor Phillip Cutting, III,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
PAMELA SIMONS, M.D.,
MERCEDES DELORY, CNM, RS, and
SPECTRUM HEALTHCARE RESOURCES,

     Defendants.

---

**RECOMMENDATION ON PLAINTIFF'S STIPULATED MOTION TO VACATE AND
CONTINUE TRIAL DATE**

---

     Pending before the Court is Plaintiff's Stipulated Motion to Vacate and Continue Trial Date

[filed September 18, 2008; docket #103].  The matter is briefed and has been referred to this Court

for resolution [docket #104].  The Court heard oral argument regarding this motion on Monday,

September 29, 2008 at 11 a.m.  For the reasons stated below, the Court **RECOMMENDS** Plaintiff's

Stipulated Motion to Vacate and Continue Trial Date be **GRANTED** and the dates listed herein

adopted.

**I.      Background**

     Plaintiff filed this complex medical malpractice action on October 1, 2007.  Plaintiff is the

father of Philip Cutting, III ("Baby Cutting").  Plaintiff claims Baby Cutting's birth was "mis-

managed" by Defendants in that the care provided by the medical team responsible for delivering

Baby Cutting caused a hypoxic brain injury, which resulted in cerebral palsy.  (Stip. Mot. to Vacate

and Continue Trial Date 3; Pl.'s Compl. 7).  Presently, the case is scheduled for trial on February

9, 2009, with Plaintiff's expert witness disclosures due on September 30, 2008, and Defendants'

expert witness disclosures due on October 30, 2008.

Based on the motion hearing before this Court, the Court infers four primary issues affecting the ability of the parties to properly move forward with the case at this time. First, the parties disagree as to whether the mother of Baby Cutting may be genetically tested. The Defendants stated their intent to file a Motion to Compel regarding this issue, and the Court recommends a briefing schedule below. Second, contention exists as to who may be present at the Independent Medical Examination (IME) of Baby Cutting. Defendants propose to also address this in the above-mentioned Motion to Compel. Third, both parties seek further medical records from Bulgaria, where the family lived for a period of time after Baby Cutting's birth. It appears that the difficulty in obtaining these records is largely a question of translation and negotiation, although there is mention of utilizing a process outlined in the relevant Hague Convention to acquire these records. Fourth, some question remains as to the possibility of additional parties, which may be resolved upon investigation of the evidence still to be discovered.

Despite the parties' demonstrated diligent efforts, these described discovery issues hinder the parties from designating expert testimony at this time; therefore, the parties stipulated the motion presently before the Court to extend the discovery deadlines currently set and to vacate and continue the trial date.

## II.    Discussion

The Tenth Circuit established four general factors to evaluate in determining whether a continuance is necessary. *U.S. v. West*, 828 F.2d 1468, 1470-71 (10th Cir. 1987) (cited by *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 (10th Cir. 1999)). These factors include:

    1) The diligence of the party requesting the continuance;
    2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance;

3) The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance;

4) The need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance. *West*, 828 F.2d at 1470.

The Tenth Circuit also stated "no single factor is determinative and the weight given to any one may vary depending to the extent of the [ ] showing on the others." *Id.*

Regarding the first factor, as demonstrated in the motion, both parties have exercised diligence in conducting discovery thus far and in seeking to continue the discovery process. The parties submitted this motion as a stipulated request, recognizing the difficulties on both sides in obtaining discovery on certain matters, namely regarding genetic testing and the IME. Baby Cutting lives in Maine, which adds to the complexity of scheduling such measures. Details of the terms for genetic testing and the IME are yet to be established; as previously described, Defendants expressed their intent to file a Motion to Compel shortly. Furthermore, Dr. Tanaka, a primary doctor participant in Baby Cutting's birthing process, just recently returned to the United States as he is a member of the United States armed forces and had been deployed. A deposition has been scheduled for Dr. Tanaka since his return.

The second factor evaluates the likelihood that the continuance, if granted, would accomplish the purpose underlying the request. The parties stipulate that a continuance would indeed accomplish both sides' purposes in obtaining pertinent discovery. As stated in the motion, a continuance would allow the parties to properly complete the deposition of Dr. Tanaka, conduct an IME of Baby Cutting, and resolve the issues concerning genetic testing of Baby Cutting's mother. Additionally, extending the relevant dates would allow the parties a greater chance of securing the medical records from Bulgaria.

The third factor considers the potential inconvenience to the opposing party, its witnesses, and the court resulting from a continuance. In this case, the motion is stipulated representing to the

Court that neither side acknowledges inconvenience to itself or its witnesses. Regarding the possible inconvenience to the District Court, the case was filed on October 1, 2007, and setting the trial date for September 14, 2009, as suggested, maintains judicial economy and efficiency by deciding the case within two years of the initial filing.

The fourth factor concerns the need asserted for the continuance and the possible harm of denying the continuance. The parties stated in their motion, "Plaintiff will be severely prejudiced if Plaintiff is not afforded discovery concerning the resuscitation," and "Defendants will be severely prejudiced if they are not able to complete genetic testing." (Stip. Mot. to Vacate and Continue Trial Date 7.) The parties contend the deposition of Dr. Tanaka, the IME and genetic testing of Baby Cutting, and the medical records from Bulgaria are necessary to ensure both sides may properly assert their claims and defenses before the Court.

The parties submitted this stipulated motion to the Court and appeared for oral argument to further support their request. To briefly summarize the presented facts and arguments, these four issues of the IME, the terms of genetic testing, the possibility of additional parties, and the medical records in Bulgaria are contentious enough to the adjudication of this matter that discovery should be allowed to proceed. Therefore, the Court recommends the motion be granted, and the deadlines listed below be adopted.

## III.   Conclusion

For the reasons stated above, the Court recommends the following dates be set in this case:

Briefing schedule for Defendants' Motion to Compel genetic testing of Baby Cutting's mother and the determination of who may be present at the IME:

> File on or before October 9, 2008
> Respond on or before October 20, 2008
> Reply on or before October 29, 2008

Initial expert reports due: January 15, 2009
Rebuttal expert reports due: March 1, 2009

Surrebuttal expert reports due: April, 1, 2009
Discovery cut-off: May 1, 2009
Dispositive Motions deadline: June 1, 2009[1]
Jury Trial: Approximately mid-September 2009 or as soon thereafter as Judge Blackburn's calendar permits [Final Pretrial Conference and Trial Preparation Conference TBD]

Accordingly, the Court **RECOMMENDS** Plaintiff's Stipulated Motion to Vacate and Continue Trial Date [filed September 18, 2008; docket #103] be **GRANTED** and the dates listed herein adopted.

Dated at Denver, Colorado, this 29th day of September, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1]The parties agree that any dispositive motion would not dispose of the case in its entirety.